# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| RANDY ANDRIAL STEWARD,      )  | |
|                             )  | |
|     Petitioner,             )  | |
|                             )  | |
| v.                          )  | Case No. 4:23-cv-01673-MHH-HNJ |
|                             )  | |
| WARDEN JOSEPH HEADLEY,      )  | |
|                             )  | |
|     Respondent.             )  | |

## **MEMORANDUM OPINION AND ORDER**

On January 9, 2025, the Magistrate Judge entered a report in which he recommended that the Court deny petitioner Randy Andrail Steward's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 and dismiss Mr. Steward's claims with prejudice as untimely. (Docs. 10, 21). The Magistrate Judge also recommended that the Court deny Mr. Steward's request for a hearing. (Doc. 18).

On February 3, 2025, the Court received from Mr. Steward objections to the Magistrate Judge's report. Mr. Steward argues that the one-year deadline for § 2254 habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 does not apply to his petition because he asserts a "jurisdictional claim." (*See* Doc. 22, pp. 1-2). On March 10, 2025, the Court overruled Mr. Steward's objections, adopted the January 9, 2025, report, and accepted the Magistrate Judge's

recommendation. (Doc. 23). The Court denied Mr. Steward's § 2254 habeas petition and dismissed his claims with prejudice. (Doc. 24).

On March 20, 2025, the Court received from Mr. Steward a motion for reconsideration. (Doc. 26). The Court construes the document as a Rule 59(e) motion to alter or amend the final judgment. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").[1] Rule 59(e) enables a party to ask a district court to reconsider "a just-issued judgment." *Banister v. Davis*, 590 U.S. 504, 507 (2020).

> The Rule gives a district court the chance "to rectify its own mistakes in the period immediately following" its decision. *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 [ ] (1982). In keeping with that corrective function, "federal courts generally have [used] Rule 59(e) only" to "reconsider[ ] matters properly encompassed in a decision on the merits." *Id.*, at 451 [ ]. In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued. *See* 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2810.1, pp. 163–164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485-486, n. 5 [ ] (2008) (quoting prior edition).

*Banister*, 590 U.S. at 508 (footnote citation omitted) (alterations to case citations supplied) (holding "[a] Rule 59(e) motion, unlike a Rule 60(b) motion, does not count as a second or successive habeas application"); *see also Michael Linet, Inc. v.*

---

[1] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

2

*Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (stating that parties "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment").

Mr. Steward argues that the Court should equitably toll the statute of limitations in his case. (Doc. 26). Mr. Steward asserts that he had a stroke on March 19, 2021 and was hospitalized for 18 months. (Doc. 26, pp. 1-2). He adds that he was placed in the Health Care Unit for four days, and his blood pressure was uncontrolled for six or seven months following his stroke. (Doc. 26, p. 2). Mr. Steward's irregular heartbeat required treatment at the hospital, and medical personnel placed him on bedrest. (Doc. 26, pp. 1-2).

On December 8, 2023, Mr. Steward filed his *pro se* petition for a writ of habeas corpus. (Doc. 1, p. 16).[2] Because Mr. Steward could have provided information about the medical problems he experienced in 2021 and 2022 in his

---

[2] Because a prisoner proceeding *pro se* has virtually no control over the mailing of a pleading, the court deems the pleading filed at the time the prisoner delivers the pleading to prison or jail officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988). "Absent evidence to the contrary in the form of prison logs or other records," the court assumes a *pro se* prisoner delivered his pleading to prison authorities the day he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam); *see also Taylor v. Williams*, 528 F.3d 847, 849 (11th Cir. 2008) (assuming *pro se* petitioner delivered his § 2254 habeas petition to prison authorities on the day he signed it). Mr. Steward avers he placed his habeas petition in the prison mail on August 28, 2017, the date the Circuit Court imposed a 15-year split sentence following his conviction on two counts of terrorist threats. (Doc. 1 at 1, 16). As this stands obviously incorrect, the court presumes Steward mailed his petition on December 8, 2023, the day the court received it.

habeas petition, that information cannot support a Rule 59(e) motion. *Michael Linet*, 408 F.3d at 763.

If the Court were to consider the information concerning Mr. Steward's medical issues, those conditions would not provide a basis for equitable tolling of the statute of limitations. Under AEDPA, equitable tolling applies only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Because equitable tolling constitutes "'an extraordinary remedy,' it 'is limited to rare and exceptional circumstances' and 'typically applied sparingly.'" *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam) (quoting *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005)). Courts focus on "the circumstances surrounding the late filing of the habeas petition and not on the circumstances of the underlying conviction….and whether the conduct of others prevented the petitioner from timely filing" his habeas petition. *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (internal quotation marks and citations omitted).

Mr. Steward asserts that he completed bedrest in early-to-mid 2021. (Doc. 26, pp. 1-2). He filed his habeas petition on December 8, 2023. Mr. Steward has not explained how medical treatment that ended in 2021 or 2022 at the latest delayed

the filing of his habeas petition until December 2023. Thus, Mr. Steward has not demonstrated that he pursued his rights with due diligence.

For these reasons, the Court denies Mr. Steward's motion for reconsideration. The Clerk shall please TERM Doc. 26.

**DONE** and **ORDERED** this April 16, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE